# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | |
|---|---|
| JACK READNOUR,<br>    Plaintiff, | Case No. 1:20-cv-111 |
| vs. | Black, J.<br>Bowman, M.J. |
| ST. OF OHIO, et al.,<br>    Defendants. | **REPORT AND<br>RECOMMENDATION** |

Plaintiff[1] brings this action against the State of Ohio, City of Cincinnati, and Village of Evendale.  By separate Order, plaintiff has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915.  This matter is before the Court for a *sua sponte* review of plaintiff's complaint to determine whether the complaint, or any portion of it, should be dismissed because it is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2)(B).

In enacting the original *in forma pauperis* statute, Congress recognized that a "litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." *Denton v. Hernandez,* 504 U.S. 25, 31 (1992) (quoting *Neitzke v. Williams,* 490 U.S. 319, 324 (1989)).  To prevent such abusive litigation, Congress has authorized federal courts to dismiss an *in forma pauperis* complaint if they are satisfied that the action is frivolous or malicious.  *Id.*; *see also* 28 U.S.C. § 1915(e)(2)(B)(i).  A complaint may be dismissed as frivolous when the plaintiff cannot make any claim with a rational or arguable basis in fact or law.  *Neitzke v. Williams,* 490 U.S.

---

[1] This action was transferred to this Court from the Eastern Division of Kentucky.  (Doc. 6).  The transfer order, as well as a Deficiency Order was returned to the Court marked "undeliverable."  (*See* Doc. 9, 11, 12).  Plaintiff has provided an address of 55 Sunnymede Drive Covington, KY 41017.  (*See* Doc. 2 at PageID 4).  The Clerk of Court is **DIRECTED** to mail this Report and Recommendation, as well as the transfer order and a docket sheet to plaintiff at this address.

319, 328-29 (1989); *see also Lawler v. Marshall*, 898 F.2d 1196, 1198 (6th Cir. 1990). An action has no arguable legal basis when the defendant is immune from suit or when plaintiff claims a violation of a legal interest which clearly does not exist. *Neitzke,* 490 U.S. at 327. An action has no arguable factual basis when the allegations are delusional or rise to the level of the irrational or "wholly incredible." *Denton,* 504 U.S. at 32; *Lawler,* 898 F.2d at 1199. The Court need not accept as true factual allegations that are "fantastic or delusional" in reviewing a complaint for frivolousness. *Hill v. Lappin*, 630 F.3d 468, 471 (6th Cir. 2010) (quoting *Neitzke*, 490 U.S. at 328).

Congress also has authorized the *sua sponte* dismissal of complaints that fail to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii). A complaint filed by a pro se plaintiff must be "liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble,* 429 U.S. 97, 106 (1976)). By the same token, however, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Hill*, 630 F.3d at 470-71 ("dismissal standard articulated in *Iqbal* and *Twombly* governs dismissals for failure to state a claim" under §§ 1915A(b)(1) and 1915(e)(2)(B)(ii)).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). The Court must accept all well-pleaded factual allegations as true, but need not "accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286

(1986)).  Although a complaint need not contain "detailed factual allegations," it must provide "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555).  A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555.  Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id.* at 557.  The complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson*, 551 U.S. at 93 (citations omitted).

In the complaint, plaintiff alleges that in February of 2018 he was working on a truck with frozen air lines.  (Doc. 2 at PageID 3).  Plaintiff claims he utilized a common method to thaw the pipes, which resulted in a slight amount of smoke.  According to plaintiff, at least thirty police and firemen eventually arrived on the scene, including a Village of Evendale and an Ohio State police offer.  Plaintiff alleges that the state policeman accused him of breaking the law and violent behavior, before placing him in handcuffs and throwing him to the ground.  Plaintiff claims that the cuffs were on so tight they affected his blood flow and that he hit his head when thrown to the ground.

Plaintiff was subsequently arrested and taken to the Hamilton County Detention Center.  He claims to have been refused an attorney.  According to plaintiff, he was eventually tried on charges lodged by the police officer.

As relief, plaintiff seeks monetary damages.  (*Id.* at PageID 4).

Plaintiff's complaint should be dismissed for failure to state a claim upon which relief may be granted.

The complaint against the State of Ohio must be dismissed because the State of Ohio is immune from suit in this federal court.  Absent an express waiver, the Eleventh Amendment to

the United States Constitution bars suit against a State or one of its agencies or departments in federal court regardless of the nature of the relief sought. *Seminole Tribe of Florida v. Florida*, 517 U.S. 44, 58 (1996); *Pennhurst State School v. Halderman*, 465 U.S. 89, 100 (1984); *Alabama v. Pugh*, 438 U.S. 781, 782 (1978); *Edelman v. Jordan,* 415 U.S. 651, 663 (1974). The exceptions to the Eleventh Amendment bar prohibiting lawsuits against a state in federal court do not apply in this case. The State of Ohio has neither constitutionally nor statutorily waived its Eleventh Amendment rights. *See Mixon v. State of Ohio*, 193 F.3d 389, 397 (6th Cir. 1999); *State of Ohio v. Madeline Marie Nursing Homes*, 694 F.2d 449, 460 (6th Cir. 1982); *Ohio Inns, Inc. v. Nye*, 542 F.2d 673, 681 (6th Cir. 1976). Nor has plaintiff sued a state official seeking prospective injunctive relief against future constitutional violations. *Ex Parte Young*, 209 U.S. 123 (1908). In addition, Congress has not "explicitly and by clear language" expressed its intent to "abrogate the Eleventh Amendment immunity of the States" when enacting Section 1983. *See Quern v. Jordan,* 440 U.S. 332, 341-43, 345 (1979). Therefore, the State of Ohio is immune from suit in this case and plaintiff's claims against the State of Ohio should be dismissed.

The complaint should also be dismissed against the City of Cincinnati and the Village of Evendale. Municipalities cannot be held vicariously liable under 42 U.S.C. § 1983 based on the theory of *respondeat superior* for injuries inflicted solely by their employees or agents. *See Iqbal,* 556 U.S. at 676; *Monell v. New York City Dep't of Soc. Services*, 436 U.S. 658, 690-92 (1978); *Gregory v. Shelby Cnty., Tennessee*, 220 F.3d 433, 441 (6th Cir. 2000); *see also Davis v. Bexley Police Dept.,* No. 2:08-cv-750, 2009 WL 414269, at *2 (S.D. Ohio Feb. 17, 2009) ("A plaintiff may not rely on the doctrine of *respondeat superior* to find a government entity liable under § 1983 when the claim is founded solely on an allegation that its agent caused the injury."). To state a claim for relief under § 1983 against a municipality, the plaintiff must allege

that his "injuries were the result of an unconstitutional policy or custom" of the municipality. *Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994); *see also Monell*, 436 U.S. at 694; *Doe v. Claiborne Cnty.*, 103 F.3d 495, 507 (6th Cir. 1996). *Cf. Polk County v. Dodson*, 454 U.S. 312 (1981) (municipal policy must be "moving force" behind constitutional deprivation). Municipalities and other governmental entities cannot be held responsible for a constitutional deprivation unless there is a direct causal link between a policy or custom and the alleged deprivation. *Monell*, 436 U.S. at 691; *Deaton v. Montgomery Cnty., Ohio*, 989 F.2d 885, 889 (6th Cir. 1993).

In this case, plaintiff has alleged no facts indicating that the City of Cincinnati or the Village of Evendale violated his constitutional rights pursuant to a policy or custom of the City. In the absence of such allegations, plaintiff has failed to state an actionable claim for relief based on the theory of municipal liability. *See Monell,* 436 U.S. at 693-94.

Accordingly, in sum, the Court concludes that the plaintiff's complaint is subject to dismissal for failure to state a claim upon which relief may be granted.

**IT IS THEREFORE RECOMMENDED THAT:**

1. Plaintiff's complaint be **DISMISSED** with prejudice.

2. The Court certify pursuant to 28 U.S.C. § 1915(a) that for the foregoing reasons an appeal of any Order adopting this Report and Recommendation would not be taken in good faith and therefore deny plaintiff leave to appeal *in forma pauperis*. Plaintiff remains free to apply to proceed *in forma pauperis* in the Court of Appeals. *See Callihan v. Schneider*, 178 F.3d 800, 803 (6th Cir. 1999), overruling in part *Floyd v. United States Postal Serv.,* 105 F.3d 274, 277 (6th Cir. 1997).

*s/Stephanie K. Bowman*_____
Stephanie K. Bowman
United States Magistrate Judge

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

| | |
|---|---|
| JACK READNOUR,<br>    Plaintiff, | Case No. 1:20-cv-111 |
| vs. | Black, J.<br>Bowman, M.J. |
| ST. OF OHIO, et al.,<br>    Defendants. | |

## NOTICE

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).